# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff<br><br>v.<br><br>Alcides Aballe-Gonzalez,<br><br>  Defendant | Case No.: 2:21-cr-00068-JAD-BNW<br><br>**Order Denying Motion to Reduce Sentence under Amendment 821**<br><br>[ECF No. 33] |

Defendant Alcides Aballe-Gonzalez is roughly 17 months into serving his 42-month sentence for possession with intent to distribute methamphetamine. He moves for a sentence reduction based on recent changes to the sentencing guidelines known commonly as Amendment 821. His counsel at the Federal Public Defender's office, appointed under General Order 2023-9, filed a notice of non-eligibility, disagreeing with Aballe-Gonzalez's pro se calculations. Because Aballe-Gonzalez does not qualify for an adjustment to his criminal-history points or his offense level, I deny his motion.

## Discussion

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts may apply them retroactively beginning in February 2024.[1] Aballe-Gonzales seeks relief under two of those amendments: the one that reduces the impact of the extra "status points" imposed for reoffending while still under a

---

[1] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

criminal-justice sentence, and another that provides relief to zero-criminal-history-point offenders.[2]

The first change, added to the guidelines as § 4A1.1, reduces the impact of "status points" on a sentence. Status points are additional criminal-history points applied to a defendant who committed his crime of conviction while under another criminal-justice sentence. Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[3] A defendant with seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[4]

The second provision was added to the guidelines as § 4C1.1 and lowers the offense level of zero-point offenders whose crime did not involve specific aggravating factors.[5] Zero-point offenders are defendants with no criminal-history points. The Commission found that these offenders have lower recidivism rates than other offenders, including those with one criminal-history point, that warrant a reduction in offense level.[6] A defendant with zero criminal-history

---

[2] ECF No. 33.

[3] *Id*. at 60535–36; *see also* U.S. Sent'g Comm'n, *Revisiting Status Points* (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[4] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

[5] U.S. Sent'g Comm'n Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).

[6] U.S. Sent'g Comm'n, *Amend. to the Sent'g Guidelines* (2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

points whose offense did not involve threats of violence or sexual acts may now receive a two-level decrease in his offense level.[7]

Aballe-Gonzalez contends that he is eligible for a sentence reduction based on these amendments.[8]  But as his counsel acknowledges, Aballe-Gonzalez doesn't qualify for either reduction.[9]  Aballe-Gonzalez did not receive any status points at the time of sentencing because he was not under a criminal-justice sentence when he committed this offense.[10]  So there are no status points to remove under § 4A1.1.  And with one criminal-history point for a May 2020 prior conviction, he wasn't a true zero-point offender entitled to a reduction under § 4C1.1.[11]

## Conclusion

IT IS THEREFORE ORDERED that Alcides Aballe-Gonzalez's motion for a sentence reduction under Amendment 821 **[ECF No. 33] is DENIED** with prejudice.

_____
U.S. District Judge Jennifer A. Dorsey
March 12, 2024

---

[7] *Id*.
[8] ECF No. 33.
[9] ECF No. 36.
[10] Presentence Investigation Report at 7.
[11] *Id*. at 8.

3